Wood, C. J.
The law is clear that tho verdict must respond to all the issues made up between the parties. There are several adjudications in our own court to this effect; and on questions of this kind, no higher authority is admitted. 5 Ohio, 227, 259; 7 Ohio, 234; 9 Ohio, 131.
But cases may occur, says Lane, Judge, in 5 Ohio, Hanley v. Levin, where a verdict upon the general issue alone, *will be a substantial response to the issues taken on the special pleas, and as they are in substance negatived by such finding, the form of the verdict, after judgment,'can be of no importance to the validity of the record.
Is not this the precise ease at bar ¶ The first special plea avers the fraudulent change of a promissory note discounted in blank, to a bill of exchange, payable in New York. Such alteration by the payee, renders the instrument void. There is no promise to pay it; 'but the finding of the jury on the general issue alone, for *199 the plaintiff below, negatives this special issue. Without finding the evidence insufficient to support it, and that it was unsustained by the proof, they could not have found the assumption and promise of the plaintiffs in error.
The second special plea is in the like condition. The issue there is upon a corrupt agreement to discount the bill of exchange at a higher rate of interest than six per cent.; that the bill was discounted on such agreement, and more than six per cent, reserved and agreed to be paid at the maturity of the bill, under the shift, name, and device of exchange. If such, again, was the effect of the proof, under this issue, the bill of exchange'was void. The Clinton Bank can discount at six per cent, per annum, interest only; and when interest is covered up under the shift of calling it exchange, if it be, nevertheless, interest, it by no means aids the bank by the extension of its power.
The issue, in substance, therefore, is upon the fact whether the bill of exchange was not absolutely void by the excess of power exercised by the bank in its discount. If the fact was proved, the consequence followed, that the bill was as blank paper. There was no legal assumption and promise, but the jury have found both, and thereby negatived the facts in substance, set up in this plea, on which issue was joined. The judgment is affirmed.